# Rittenberry, *et al. v.* Smyer.

### *Action on Lease Contract.*

(Decided June 30, 1909.   Rehearing denied Dec. 16, 1909.
51 South. 233.)

1..*Landlord and Tenant; Action on Lease; Evidence.*—Where the action was for a breach of the lease contract and the tenant testified that he declined to take the house leased because it was not completed on the day on which he was to take possession, it was competent to introduce a letter written by him wherein he declined to take the house because of conditions in the rear thereof, and the landlord's reply thereto declining to release him, as tending to show a conflict between the contention of the tenant at the time of the trial and that urged by him previous thereto.

2. *Trial; Evidence; Objection.*—Where evidence is competent against one of two co-defendants the remedy of the other co-defendant is by motion to limit the evidence to the co-tenant against whom it is competent and not by an objection to the admissibility of the evidence.

APPEAL from Jefferson Circuit Court.
Heard before Hon. A. O. LANE.

[Rittenberry, et al. v. Smyer.]

Action by R. B. Smyer against Baxter Rittenberry and others for the breach of a lease contract. From a judgment for plaintiff, defendants appeal. Affirmed.

The lease was executed on the 17th day of July, 1907, for eight months, and was in the usual form, executed by T. H. Moulton & Co., as agents for Smyer, and by the other parties to the suit. The following correspondence was introduced over the objection of the defendant: (1) Letter from Rittenberry to Moulton & Co., inclosing the lease signed, but declining to take the house on account of the conditions in the rear of same. (2) Reply thereto from Moulton Realty Company, returning lease, and declining to release Rittenberry therefrom unless a suitable tenant was procured by August 1st, the time of the beginning of the least contract. (3) Letter in reply to this from Rittenberry to the Moulton Realty Company, declining to take the house on account of the condtions in the rear of same. The defendants' evidence tended to show that they declined to take the house because it was unfinished and unfit for occupancy at the beginning of the lease term.

LEA & LEA, for appellant.—The fact that the premises were not in condition to be delivered to the lessee at the commencement of the lease is a complete defense to an action on the lease under the plea of want of consideration.—*Murphy v. Farley*, 124 Ala. 280; *King v. Reynolds*, 67 Ala. 229; 24 Cyc. 1049. The letters offered in evidence were incompetent as to one of the defendants. —*Laland v. Brown*, 121 Ala. 513; *Bank v. Chafin*, 118 Ala. 246.

J. A. MITCHELL, and R. B. SMYRES, for appellee.— Counsel discuss the errors assigned and insist, first, that as the cause was tried by the court without a jury

and no exception taken to the judgment rendered the case should be affirmed whether error is disclosed or not. 2nd, that there was no severance in the assignments of error and no error appeared as to one of the appellants. 3rd, that the lease was in writing and the landlord was under no obligation to do anything to the house not specified in the lease.—136 Ala. 610; Id. 648; 89 Ala. 202; 103 Ala. 452.

DENSON, J.—This cause came here, by appeal from a judgment rendered in the circuit court of Jefferson county, on a trial had in that court without the intervention of a jury. No error was committed by the circuit court in admitting in evidence the correspondence between defendant Baxter Rittenberry and Moulton Realty Company, plaintiff's agent. The testimony for the defendants tended to show that they declined to take the house leased, on account of its not being completed and in a habitable condition on the 1st day of August, the day on which, as specified in the lease contract, they were to take possession. The letters tend to show that the objections were not based upon the unfinished condition of the house but on the condition of the premises in the rear of the house. It is obvious that the letters tend to show a conflict between the contention of the defendants at the trial and that urged by them when they were seeking to be released from the lease contract; and in this view they were competent and admissible as evidence.

If the letters were not competent as against Mrs. Rittenberry, her remedy was by motion to have them limited in their direct effect to Baxter Rittenberry, and not by objection to their admissibility. The evidence is not in such condition as to warrant this court in disturbing the judgment of the trial court, even conceding

that we might consider that question without an exception having been reserved to the rendition of the judgment.

We have found no error in the record, and the judgment appealed from is affirmed.

Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.